A. M. ANDERSON, as Receiver of the First National Bank
of St. Petersburg, a corporation, *Plaintiff in Error*, v.
EMMA V. ROUSE, *Defendant in Error*.

147 So. 847.
Opinion filed April 19, 1933.
Re-hearing denied May 15, 1933.

*Arthur R. Thompson* and *Dean Akin,* for Plaintiff in Error;

*Wm. G. King* and *L. D. Martin,* for Defendant in Error.

PER CURIAM.—The defendant in error sued plaintiff in error for damages occasioned by a breach of a trust agreement.

It is contended that the plaintiff was not entitled to maintain an action at law upon a claim against a Trustee under a trust deed and who holds a lien against a number of parcels of real estate as security for the payment of a certain sum of money for damages occasioned by reason of the Trustee releasing certain lots from the operation of the trust deed and from the lien created thereby for a sum of money less than that specified in the trust agreement.

It is further contended that the plaintiff in the court below, being assignee of the original *cestui que* trust, was bound by an alleged oral agreement made between the original *cestui que* trust and the Trustee as to the amount which the Trustee should require paid on each lot before the same should be released from the operation of the trust deed and the lien thereby created.

The trust deed required the Trustee to receive the sum of $278.84 on or before the conveyance of each and every ,lot. The Trustee, it is alleged, sold ten lots and released the same from the trust deed upon the payment of less sums each than $278.84. The exact amounts alleged to have been received for each lot is immaterial because the record shows that each of said ten lots was sold and released for a less

cash payment than that provided for in the trust deed and the amount sued for is the difference between the amount named in the trust deed and the amount which the Trustee demanded and received.

We think there could be no sincere contention that a Trustee is not liable in a suit at law for damages occasioned by a violation of a trust agreement in accepting a smaller cash payment than that which is specifically provided for in the trust agreement. There is no reason for the interposition of a court of equity in such cases because the measure of damages is the difference between the amount received by the Trustee and the amount which the Trustee has bound itself to receive for the benefit of the *cestui que* trust, in and by the terms of the trust agreement. It appears to us that the right of the *cestui que* trust to maintain an action at law against the Trustee for such breach of contract is elementary. See Taylor v. Mayo, 110 U. S. 163, 28 Law Ed. 330.

The other contention above referred to, that the assignee of the original *cestui que* trust is bound by an oral agreement between the Trustee and the original *cestui que* trust, which agreement contemplated a reduction of the amount required to be paid for the release of a lot, when such assignee was not charged with any knowledge of any such alleged oral agreement, is likewise untenable. The assignee had a perfect right, absent any notice of change, to rely upon the terms and conditions of the contract as they clearly appeared on the face thereof and certainly if there was no agreement in writing changing such terms and if the assignee had no knowledge, either actual or constructive, of any oral agreement to change such terms, the Trustee remains bound to the assignee by the terms of the original agreement.

The judgment should be affirmed and it is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents in part.

BROWN, J., (dissenting in part)—My thought is that this was not a negotiable instrument and that the assignee took subject to all equities between the original position, including the oral modification of the trust instrument.